**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

————————————————————

| | | |
|---|---|---|
| GOSPEL OUTREACH CHRISTIAN FELLOWSHIP OF NEW JERSEY, JAMES R. LETHBRIDGE, NEW LIFE AWNING SERVICE AND MAINTENANCE  COMPANY, INC., and SAME DAY AUTO SCRATCH AND DENT REPAIR, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Hon. Harold A. Ackerman |
| v. | ) ) | Civil Action No. 05-3775 (HAA) |
| ELIZABETH DAVIES, KENNETH MACGILLIVRAY, REVEREND JOHN MINNEMA, HAWTHORNE GOSPEL CHURCH, ANGELO FAILLACE, MARY ANN FAILLACE, RONALD RHODES, CAROLY PAGANO, PATRICK BRANDEAL, ROBERT WALSH, MELINDA WALSH, MICHAEL WALSH, KENNETH CAREY, SCOTT D. HIBBARD, and HOLLY POHL, | ) ) ) ) ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |

————————————————————

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the requests by various Defendants' counsel for attorney's fees and costs.  In a June 22, 2006 Opinion and Order, this Court granted Plaintiffs' motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  As a condition of dismissal, this Court ordered that Plaintiffs pay Defendants' reasonable attorney's fees and costs.  The Court ordered Defendants to submit customary itemizations showing costs and reasonable attorney hours and rates, and allowed Plaintiffs the opportunity to respond to Defendants' costs and fees submissions.

1

### *Analysis*

In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g., Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. City of Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)).

Six law firms representing various Defendants have submitted fee and cost requests. Plaintiffs have only filed objections to the requests of two firms. Even though Plaintiffs have not objected to the remaining four requests, the Court has carefully reviewed all of Defendants' submissions. The Third Circuit has admonished district courts that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362. The Court will assess each request in turn.

### I.     **Defendant Kenneth Carey**

Infinity Insurance Company, the insurer of Defendant Kenneth Carey, retained Muscio & Kaplan LLC to defend Carey in this action. Sanford D. Kaplan, Esq. of Muscio & Kaplan LLC submitted a request for $3,432.00 in attorney's fees, based upon a reasonable hourly rate of

$110.00 per hour.  Plaintiffs have not objected to Mr. Kaplan's request.  The Court has carefully reviewed the itemized fees submitted by Mr. Kaplan and concludes that they are reasonable. Therefore, this Court will order Plaintiffs to pay Muscio & Kaplan LLC $3,432.00 in attorney's fees for the defense of Defendant Kenneth Carey.

## II.    Defendants Reverend John Minnema and Hawthorne Gospel Church

Mercer Mutual Insurance Group ("Mercer") retained Harwood Lloyd, LLC ("Harwood Lloyd") to defend Defendants Reverend John Minnema and Hawthorne Gospel Church.  Michael B. Oropollo, Esq. of Harwood Lloyd states in his fee request that Defendants' personal counsel was also involved in this case because some of Plaintiffs' claims were not covered by insurance. Therefore, because of this difficulty and the conflict issues resulting from it, he asserts that he billed more time than other counsel in this matter.  Harwood Lloyd has submitted a request for $8,920.31.

Plaintiffs object to Harwood Lloyd's request on several grounds.  They argue that the itemized billing statements do not adequately describe the nature of the work performed, that some charges appear duplicative, that some charges do not appear related to this matter, and some charges appear "clearly administrative in nature and should not be billed as attorney hours." (Pls.' Letter July 25, 2006.)  This Court rejects Plaintiffs' objections, and finds Harwood Lloyd's rates and hours to be reasonable.

Plaintiffs' specificity objection rests in part on Harwood Lloyd's redaction of some entries based on assertion of privilege.  Defendants have offered to submit unredacted records to the Court *in camera*, but this Court concludes on the basis of the redacted records that the fees

sought are reasonable.  None of the redacted entries involve unusually high charges and all appear reasonably related to this action.  Plaintiffs question charges dealing with communications with Gail Clifford, but Defendants' response indicates that Ms. Clifford is a Claims Representative at Mercer.  Thus, any communications with her were reasonable and appropriate in this case.  Plaintiffs also object to "duplicative" charges for review of the Complaint by several different Harwood Lloyd attorneys, but the Court finds these minor charges reasonable and expected in light of standard law firm practice.  The Court also rejects Plaintiffs' opposition to charges for a motion for summary judgment that was never filed.  Harwood Lloyd reasonably represents that such motion would have been filed promptly had this Court denied Plaintiffs' Rule 41(a)(2) motion.  This Court ordered the payment of attorney's fees to ameliorate financial prejudice to Defendants, and the Court finds counsel's preparation for a possible summary judgment motion prudent and reasonable.  Denying recovery for fees associated with this work would subvert the Court's purpose of compensating Defendants for defending this action.

Plaintiffs also object to charges for counsel's review of the related state court litigation in this matter.  However, as Harwood Lloyd observes in its response, Plaintiffs' Complaint specifically referenced the state court matter and counsel merely accessed the state court docket to learn more about the case.  Finally, counsel's "administrative charges," such as research into the corporate records of Plaintiff corporations, appear reasonable and necessary for counsel to mount an adequate defense.

Therefore, this Court will order Plaintiffs to pay Harwood Lloyd $8,920.31 in attorney's fees and costs for the defense of Defendants Reverend John Minnema and Hawthorne Gospel Church.

**III.    Defendants Angelo Faillace, Mary Anne Faillace, Ronald Rhodes, and Holly Pohl**

Defendants Angelo Faillace, Mary Anne Faillace, Ronald Rhodes, and Holly Pohl, lacking defense insurance coverage, personally retained the law firm of Melvin & Elberg in this matter.  Philip Elberg, Esq. has submitted a request for $15,724.00 in fees and costs for his representation of these four clients.  These Defendants paid a retainer of $7,500 to Mr. Elberg; thus $7,500 of any fee award would be returned to these Defendants and the remainder would be kept by Melvin & Elberg.  Mr. Elberg filed Defendants' motion to dismiss in this matter on behalf of Holly Pohl, and this motion caused Plaintiffs to reevaluate their case and seek voluntary dismissal.  Mr. Elberg also states that the multiplicity of Defendants in this matter and the necessity to coordinate a defense increased the cost of his representation.

Plaintiffs declare Mr. Elberg's request "inherently unreasonable and unjust."  (Pls.' Letter July 23, 2006.)  They claim that Mr. Elberg agreed to not oppose Plaintiffs' Rule 41(a)(2) motion and would not seek sanctions or fees, and then he broke that agreement by joining other Defendants in opposing dismissal without prejudice and in seeking fees.  Plaintiffs therefore argue that Mr. Elberg "waived his opportunity to seek attorney's fees" (*id.*), and that they relied on Mr. Elberg's agreement in not seeking outright dismissal of its claims against Mr. Elberg's clients.  Plaintiffs also argue that Mr. Elberg's hourly rate of $350.00 is far in excess of other attorneys who have appeared in this case.

While Mr. Elberg's rate is higher than others in this matter, this Court does not find the rate unreasonable.  As Mr. Elberg explains, many other counsel in this case were retained by insurance companies and billed these carriers at negotiated and contracted hourly rates.  Mr. Elberg represented clients who lacked litigation coverage under homeowner insurance policies

5

and he states that he charged the same rate as he does other clients, including commercial clients. This Court will not penalize Mr. Elberg's clients for lacking insurance or for retaining able counsel at considerable potential expense. Especially because Mr. Elberg and his office performed much of the work for Defendants' motion to dismiss, Mr. Elberg's higher fee request appears warranted. This Court rejects Plaintiffs' objection to so-called "administrative" charges for the reasons stated above with regard to Harwood Lloyd's request.

Finally, this Court rejects Plaintiffs' waiver argument because, as Mr. Elberg demonstrates and as this Court noted in its prior Opinion, Plaintiffs failed to dismiss their claims in a timely manner upon realizing that this Court lacked subject matter jurisdiction. Furthermore, Mr. Elberg apparently reasonably concluded, based on Plaintiffs' actions after Mr. Elberg initially suggested he would not seek fees, that "strong action" was needed. (Philip Elberg Letter July 26, 2006 at 2.)

Therefore, this Court will order Plaintiffs to pay Melvin & Elberg $15,724.00 in fees and costs for the defense of Defendants Angelo Faillace, Mary Anne Faillace, Ronald Rhodes, and Holly Pohl.


## IV.    Defendant Carolyn Pagano

State Farm Fire & Casualty Company ("State Farm"), the insurer of Defendant Carolyn Pagano, retained Ronca, Hanley, Nolan & Zaremba, LLP ("Ronca Hanley") to defend Pagano in this action. William J. Hanley, Esq. of this firm has submitted a request for $2,066.58 in attorney's fees and costs based on a reasonable hourly rate of $125.00. Ronca Hanley received a $1,500 retainer from State Farm, and State Farm has paid Ronca Hanley an additional $71.42. In

addition to this total of $1,571.42, the law firm has incurred additional fees and costs of $495.16 which State Farm apparently has not yet paid. Thus, if its request is granted, Ronca Hanley will reimburse State Farm for $1571.42 and retain the remainder.

Plaintiffs have not opposed Ronca Hanley's fee request, and this Court finds the charges submitted to be reasonable. Therefore, this Court will order Plaintiffs to pay Ronca Hanley $2,066.58 for the defense of Defendant Carolyn Pagano.

## V.      Defendants Robert Walsh and Melinda Walsh

Peerless Insurance Company, the insurer of Defendants Robert Walsh and Melinda Walsh, retained Kramkowski, Lynes, Fabricant & Bressler ("Kramkowski Lynes") to defend the Walshes. David A. Weglin, Esq. of Kramkowski Lynes has submitted a request for $1,293.50 in attorney's fees and costs based on a reasonable hourly rate of $121.00. Plaintiffs have not opposed Kramowski Lynes's request. While the billing records submitted by Mr. Weglin lack the precise detail this Court would have desired, they are sufficient to convince this Court that the charges are reasonable. Therefore, this Court will order Plaintiffs to pay Kramkowski Lynes $1,293.50 for the defense of Defendants Robert and Melinda Walsh.

## VI.     Defendant Elizabeth Davies

Mercer Insurance Group, the insurer of Defendant Elizabeth Davies, retained Barry, McTiernan & Wedinger ("Barry McTiernan") to defend Davies in this action. Richard W. Wedinger, Esq. of this firm has submitted a request for $3,105.50 in attorney's fees and costs based on a reasonable hourly rate of $325.00. Plaintiffs have not opposed this fee request, and

after careful review, this Court finds the charges submitted to be reasonable, with one exception.

Barry McTiernan seeks reimbursement of $312.50 for "[a]ttendance at, preparing for, travel to and from initial scheduling conference in Federal Court" on December 5, 2005. (Wedinger Certif. at 5.)  The firm also seeks recovery for $43.00 in travel expenses for the same day.  This Court's review of the docket in this matter does not indicate that any hearing was held on December 5, 2005, and no other fee request in this matter seeks recovery for charges associated with a conference on this date.  Therefore, this Court will deduct $355.50 from Barry McTiernan's fee award.

This Court will order Plaintiffs to pay Barry McTiernan $2,750.00 for the defense of Defendant Elizabeth Davies.

### *Conclusion*

For the reasons stated above, it is hereby ORDERED, pursuant to this Court's June 22, 2006 Opinion and Order, that Plaintiffs pay Defendants' reasonable attorney's fees and costs in the total amount of $34,186.39.  Plaintiffs shall pay Defendants' various counsel in the following amounts:

1.      $3,432.00 to Muscio & Kaplan LLC $3,432.00 for the defense of Defendant Kenneth Carey.

2.      $8,920.31 to Harwood Lloyd, LLC for the defense of Defendants Reverend John Minnema and Hawthorne Gospel Church.

3.      $15,724.00 to Melvin & Elberg for the defense of Defendants Angelo Faillace, Mary Anne Faillace, Ronald Rhodes, and Holly Pohl

4.       $2,066.58 to Ronca, Hanley, Nolan & Zaremba, LLP for the defense of Defendant Carolyn Pagano.

5.       $1,293.50 to Kramowksi, Lynes, Fabricant & Bressler for the defense of Defendants Robert and Melinda Walsh.

6.       $2,750.00 to Barry, McTiernan & Wedinger for the defense of Defendant Elizabeth Davies.


Dated: October 26, 2006
Newark, New Jersey

s/ Harold A. Ackerman
U.S.D.J.